BAINBRIDGE, executor, etc., appellant, v. McCULLOUGH, adminis-trator, etc.

*Executors — powers of surrogate — accounting by executor — claims of creditors.*

An executor was summoned before a surrogate to render an account and show cause why a creditors' claim for $724 should not be paid. The executor filed a verified account with vouchers, showing a balance of $945 subject to a prior claim of $936. The petition of the creditor urged that a large part of the expenditures mentioned in the account were not necessary for the settle-ment and preservation of the estate, and several items were objected to, but no proofs were taken and the executor was not examined. *Held,* that this was not sufficient to anthorize the surrogate to issue an order directing the payment of the claim.

APPEAL from an order of the surrogate's court of Queens county, directing John S. Bainbridge, the acting executor of the last will and testament of Richard Bainbridge, deceased, to pay Andrew McCullough, administrator, etc., of Cecilia McCullough, deceased, the sum of $724.91. The opinion states the facts.

*Sewell & Pierce,* for appellant.

*John Fleming,* for respondent.

TAPPEN, J. The appellant was cited as executor before the sur-rogate of Queens, on the application of the respondent, as a judg-ment creditor of the appellant's testator, to render an account, and show cause why a claim should not be paid.

An account, duly verified by the executor with vouchers, was thereupon filed with the surrogate, showing a balance of $945.36, which was subject to a claim existing on a judgment and prior to that of the petitioner for $936.

The surrogate's return on this appeal shows that the petition of the creditor urged that a large part of the expenditures mentioned in the account were not necessary for the settlement and preservation of the estate, and objected to several items which were specified. This was on the 26th of June, 1873. No proofs of any kind were taken, save the account and vouchers, and the executor was not examined; on the 21st of July following, the surrogate made an order directing the payment of the petitioner's claim.

It nowhere appears that the surrogate passed upon the items objected to, allowing or disallowing them, and the verified account of the executor, with vouchers for all the payments, raised the presumption that the payments were properly made. *Metzger* v. *Metzger*, 1 Bradf. 265; *Westervelt* v. *Gregg*, 1 Barb. 469. The affirmative of establishing more assets, than are acknowledged by the inventory or account, is with the party objecting. *Marre* v. *Ginochio*, 2 Bradf. 165.

Nor has the surrogate found that there were assets on hand sufficient to pay the petitioner after paying the prior judgment.

· The proper practice is to state the objection in the form of distinct and special allegations, and give proof thereof, and this applies to all classes. Williams on Executors, 1785; *Young* v. *Skelton*, 3 Hagg. 785.

The proceedings before the surrogate were, therefore, not sufficient to found the order appealed from, and it should be reversed, and the matter be reheard before the surrogate for the purposes of proof.

The order is reversed with $10 costs to abide event.

*Order reversed.*